STEVEN L. ALBERT and JOYCE E. ALBERT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Albert v. Commissioner
Docket No. 5881-85.
United States Tax Court
T.C. Memo 1986-276; 1986 Tax Ct. Memo LEXIS 337; 51 T.C.M. (CCH) 1371; T.C.M. (RIA) 86276; July 3, 1986. Steven L. and Joyce E. Albert, pro se. Dean H. Wakayama, for the respondent. COUVILLION
MEMORANDUM FINDINGS OF FACT AND OPINION COUVILLION, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456(d) of the Code [1] and Rule 180. *338 Respondent determined deficiencies in petitioners' Federal income tax for the years 1981 and 1982 in the amounts of $1,242 and $1,280, respectively; and an addition to the tax for the year 1982 in the amount of $46.30, under section 6651(a)(1). The issues for decision are whether petitioners are entitled to deduct transportation expenses incurred by Steven L. Albert (petitioner) in commuting from his residence to his job site during 1981 and 1982, under section 162(a); and whether petitioners are liable for a section 6651(a)(1) addition to tax for failing to file their 1982 tax return by the date required by law. FINDINGS OF FACT Some of the facts have been stipulated and are so found which, with the attached exhibits, are incorporated herein by reference. At the time the petition was filed, petitioners were residents of Orting, Washington. Petitioner was employed as an ironworker by Morrison-Knudsen Company Inc. (Morrison) during 1981 and 1982 on the Washington Power Supply System (WPSS) nuclear power plant construction project at Satsop, Washington. He was a member of a union and obtained his employment with Morrison through his union. Petitioner traveled some 160 miles *339 back and forth on a daily basis between his residence in Orting, Washington, to the Satsop job site and claimed a deduction for such travel. Respondent, in the notice of deficiency, disallowed $3,413 of the total of $5,475 claimed as such expenses by petitioners on their 1981 return. During trial, however, respondent orally moved to amend the answer to conform to the evidence, thus disallowing the entire $5,475 claimed by petitioners for 1981. Respondent's motion was granted. The notice of deficiency also disallowed petitioners' deduction of $3,413 travel expenses for 1982. Respondent's position is that the expenses for the two years were personal commuting expenses and the job was not temporary so as to qualify for the exception, under section 162(a), to the general prohibition against deducting personal expenses set out in section 262. We agree. OPINION Respondent's determinations in the notice of deficiency are presumed correct, and petitioners have the burden of proving otherwise. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Respondent, however, has the burden of proof with respect to the additional deficiency asserted in the amendment to his *340 answer. Reiff v. Commissioner,77 T.C. 1169, 1173 (1981); Estate of Emerson v. Commissioner,67 T.C. 612, 620 (1977). As a general rule, section 262 disallows expenses for personal, living, or family expenses. Transportation expenses ordinarily incurred between one's residence and one's principal place of business, typically referred to as "commuting expenses," are nondeductible personal expenses under section 262. Fausner v. Commissioner,413 U.S. 838 (1973); Commissioner v. Flowers,326 U.S. 465 (1946). However, an exception to this general rule is provided when a taxpayer's employment is "temporary," rather than "indefinite" or permanent in nature. Peurifoy v. Commissioner,358 U.S. 59, 60 (1958). This Court has held that employment is temporary if its termination within a short period of time can be foreseen. Mitchell v. Commissioner,supra; Albert v. Commissioner,13 T.C. 129, 131 (1949). Employment is indefinite if either its termination within a fixed or reasonably short period of time cannot be foreseen, Stricker v. Commissioner,54 T.C. 355, 361 (1970), *341 affd. 438 F.2d 1216 (6th Cir. 1971), or it continues for a substantial or indefinite duration. Garlock v. Commissioner,34 T.C. 611, 614-615 (1960). The Ninth Circuit, to which an appeal in this case would lie, in Neal v. Commissioner,681 F.2d 1157 (9th Cir. 1982), affg. per curiam a Memorandum Opinion of this Court, adopted Kasun v. United States,671 F.2d 1059 (7th Cir. 1982), as "the law of [the Ninth] circuit" with respect to the temporary versus indefinite employment issue. In Kasun, the court held "employment which merely lacks permanence is indefinite unless termination is foreseeable within a short period of time." 671 F.2d at 1061. The court further noted that employment may change from temporary to indefinite due to the passage of time. The burden of proving that employment is temporary rests on the taxpayer. Rule 142(a). Determination of whether a job is temporary is a factual question. Peurifoy v. Commissioner,supra.
On the record before us, petitioners have failed to satisfy their burden of proving that petitioner's termination was foreseeable within *342 a short period of time. Petitioner worked at Satsop for some 27 months, which included the entire year 1981 and up to December 15, 1982. At the time he began to work there, he was advised by his employers that they did not know how long the job would last. Petitioner stated that he was a foreman and "every so often" was told "you will lay off 20 percent of your manpower." Petitioner stated "[t]his happened all during the year." Sometime during 1982, petitioner lost his foremanship because of layoffs, and became one of the "workers." It is clear to this Court that petitioner had some seniority and expected to remain employed for an indefinite period. Petitioner complains that his lack of permanence made his job temporary. The lack of permanence of the job, however, does not by itself make the job temporary. Kennedy v. Commissioner,451 F.2d 1023 (3d Cir. 1971), affg. per curiam a Memorandum Opinion of this Court. Petitioners argue that petitioner could have been laid off at any time. Such fact, however, points to the impermanent nature of petitioner's employment and does not prove that his employment was temporary. This fact is not determinative of whether *343 his employment was temporary rather than indefinite. McCallister v. Commissioner,70 T.C. 505, 510 (1978). The substantial duration of petitioner's employment supports a conclusion that his employment was "indeterminate in fact as it develop[ed]." Norwood v. Commissioner,66 T.C. 467, 471 (1976). Petitioners cited Frederick v. United States,603 F.2d 1292 (8th Cir. 1979), in support of their position. That case is factually distinguishable in that the work done by the employee in Frederick was seasonal, and he expected to be laid off when winter came. In this case, petitioner's work was not seasonal, and he did not expect to be laid off as was the situation in Frederick.
Based on the record as a whole, we find that petitioner's employment was indefinite and not temporary. [2] Therefore, expenses incurred in traveling to his employment in Satsop are personal commuting expenses, which are nondeductible under section 262. *344 Respondent's motion to amend the answer, to increase the disallowed expenses for 1981 from $3,413 to $5,475, increases the determined deficiency against petitioners for that year. Respondent based the motion to amend on an error in the preparation of the notice of deficiency. Respondent bears the burden of proof when an increase in the deficiency is asserted. Rule 142(a). We find that respondent has met that burden by petitioner's admission, on cross-examination, that the additional expenses disallowed were transportation expenses incurred in commuting from his home to the job site. As to the section 6651(a)(1) addition to tax, petitioners bear the burden of proof on this issue. Welch v. Helvering,supra; Rule 142(a). Petitioners failed to introduce any evidence or address this issue; therefore, petitioners have failed to carry their burden on this issue. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated; and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. This finding follows the holding of this Court in a case by petitioner for the year 1980 in which his commuting expenses to the same job site were disallowed. See Steve L. and Joyce E. Albert v. Commissioner,↩ Docket No. 13524-84S, T.C. Summary Opinion 1985-136. This Court, in reaching its decision for 1980, considered the 1981 and 1982 work schedule of petitioner at the Satsop job site.